### THE RESTRICTION AS TO RAILWAY RELIEF ASSOCIATIONS.

Circuit Court of Holmes County.

STATE OF OHIO, ON RELATION OF D. T. SIMPSON, PROSECUTING ATTORNEY OF HOLMES COUNTY, v. THE PENNSYLVANIA COMPANY AND THE CLEVELAND, AKRON & COLUMBUS RAILWAY COMPANY; AND SAME v. THE BALTIMORE & OHIO RAILROAD COMPANY.

Decided, November, 1909.

*Constitutional Law—Railway Relief Associations—Validity of the Restriction Contained in Section 3270 as Amended—Quo Warranto—Pleading.*

1. A prosecuting attorney may institute and prosecute an action in quo warranto to oust a railway relief association which it is alleged has been organized and is being conducted in violation of the laws of the state.

2. It is competent for the General Assembly to enact proper restrictions with reference to the character of relief associations which railway companies may maintain or assist in maintaining, and the requirement as to such relief associations contained in Section 3270 as amended (99 O. L., 71) is not violative of any constitutional provision.

These actions were brought by the prosecuting attorney of Holmes county for the purpose of ousting certain railway relief associations organized and maintained by or under the control of the defendant companies.  The allegations were that the employes of these companies, as a condition of their employment, are required to sign a contract which makes them members of the relief association and contains the conditions of a policy of in-

surance, though the relief associations are not organized under
the insurance laws or for the protection of said employes; and
that said contract contains the provision that the employe signing
it thereby waives any claim for damages on account of personal
injuries or death, contrary to the provisions of Section 3270 or
of the insurance laws of the state.

*David T. Simpson,* Prosecuting Attorney, and *F. S. Monnett,*
of Columbus, for plaintiff.

*Cary & Mullins,* of Salem, for the Pennsylvania Co.

*Allen, Waters, Young & Andress,* of Akron, for the Cleveland,
Akron & Columbus Railway Co.

*Arrel, Wilson & Harrington,* of Youngstown, and *Geo. W.
Sharp,* for the Baltimore & Ohio Railroad Co.

TAGGART, DONAHUE and VOORHEES, JJ.

PER CURIAM.

This cause was submitted to the court on motion of the Pennsyl-
vania Company to require the plaintiff to make its amended peti-
tion more definite and certain in respects stated and set out in
said motion.

We are of the opinion that this motion must be overruled, as
the averments of the petition in our judgment are sufficient to
maintain this action, in that the petition sets forth that the
Pennsylvania Company has established and still maintains and
has assisted in establishing and maintaining a certain relief as-
sociation or society, commonly called voluntary relief associa-
tion, which require of its employes to enter into contracts, agree-
ments or stipulations, which are contrary to the provisions of
the statutes, provisions of Section 3270, as amended April 7,
1908, Volume 99, pages 71 and 72.

We think the petition with certainty and definiteness informs
the defendant filing this motion what is asserted and claimed
against it.

The motion may be overruled with exceptions and with leave
to file a demurrer.

The Cleveland, Akron & Columbus Railway Company filed a
demurrer to this amended petition. The grounds of the demurrer
are:

1st.  That the plaintiff has no legal capacity to sue.

In respect to this we think that the clear provisions of the statutes authorizes the plaintiff as prosecuting attorney to institute and prosecute this character of cases.

It is further contended, as a second ground of demurrer, that the amended petition does not state facts sufficient to constitute a cause of action on the grounds that said Section 3270 of the Revised Statutes, as amended April 7, 1908, is unconstitutional and void.

We are of the opinion that it is entirely competent for the Legislature to place proper restriction upon a corporation, such as a railroad company, in respect to its conduct and operation, and the character of relief associations that it maintains or assists in maintaining, and that it is not violative of any of the provisions of the Constitution.

The third ground of demurrer is that there is a misjoinder of parties defendant.

The provisions of the statutes are, that a railroad company may establish and maintain or assist in establishing relief associations, but they are not permitted to maintain or assist in maintaining relief associations having certain specific rules and regulations.  It is averred in this petition that both of the defendants are engaged in maintaining such relief associations, and that there is such unity of action and consort of parties that would bring the case within the provisions of the amended section.

We are of the opinion that the demurrer to the amended petition should be overruled with exceptions.  The defendants are given thirty days to answer herein, and the plaintiff thirty days thereafter to reply.

The same holding and judgment may be entered in the case of *The State of Ohio, on relation of D. T. Simpson,* v. *The Baltimore & Ohio Railroad Company.*  And the same rule for answer made therein.